Taxes; income tax; exemption from taxation; net earnings of corporation organized and operated for educational purposes inuring to benefit of individuals; treatment of inurement as part of reasonable salary; evidence; declaratory judgment.— Plaintiffs petition for a declaratory judgment under I.R.C. § 7428(a)(1)(A) seeking to overturn a determination by the Internal Revenue Service that for the years 1967-73 plaintiffs were not entitled to tax-exempt status. Plaintiffs claim that they qualify for exemption under I.R.C. § 501(c)(3), as "Corporations * * * organized and operated exclusively for * * * educational purposes, * * * no part of the net earnings of which inures to the benefit of *903 any private shareholder or individual,” but defendant contends that plaintiffs should be denied exempt status because a part of their net earnings inured to the benefit of private shareholders or individuals. John Marshall Law School (JMLS), established in 1933 as a non-profit corporation, is an unaccredited law school. Classes at John Marshall University (JMU) were discontinued in the early seventies. Theo. Fenster, son of the founder of the school, held the position of dean at JMLS and president of JMU at all times relevant to this case. His brother, Martin Fenster, served as secretary of both institutions until his death in 1972. In addition to being officers at both schools, Theo. and Martin Fenster were instructors at JMLS. JMLS and JMU employed few other full-time faculty members. Both institutions were run by a single board of trustees which was controlled by members of the Fenster family. In its determination letter retroactively revoking plaintiffs’ notices of tax-exempt status on the ground that a portion of their net earnings had inured to the benefits of Theo. Fenster, Martin Fenster, and their respective families, the IRS considered numerous items including, but not limited to, payments made by JMLS for Fenster family: automobiles, education, and travel expenses, insurance policies, basketball and hockey tickets, membership in a private eating establishment, membership in a health spa, interest-free loans, home repairs, personal household furnishings and appliances, and golfing equipment. On June 24, 1981, Trial Judge Philip R. Miller filed a recommended opinion (reported in full at 81-2 USTC ¶ 9514 and 48 AFTR 2d 81-5340) holding that the Commissioner of Internal Revenue’s revocation of plaintiffs’ notices of exemption for the years 1966 through 1973 was correct. The trial judge found that (1) Theo. and Martin Fenster, being the dominant individuals controlling the affairs of JMLS and JMU, were "private shareholders or individuals” within the intent of the terms of § 501(c)(3); (2) the expenditures JMLS paid to or on behalf of the Fenster family were not ordinary and necessary to JMLS operations, thereby rendering plaintiffs ineligible for tax-exempt status; (3) the funds paid out by plaintiff to Theo. Fenster and used to pay personal expenses of the Fenster family inured to the benefit of the Fensters and *904 cannot be characterized as "fringe benefits” that could have been added to Theo. Fenster’s total salaries without resulting in unreasonable compensation; and (4) since plaintiffs suit is not one for refund of taxes but a suit for declaratory judgment in which the sole issue is the correctness of the Commissioner’s determination revoking his original notice of exemption for all years from 1967 through 1973, plaintiffs cannot restrict the scope of the evidence to only those years in which the Commissoner is not now barred from assessing income taxes against plaintiffs by the statute of limitations; rather, the facts underlying the entire determination are relevant. On September 29, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case, concluded that plaintiffs are not entitled to the declaratory judgment that they seek, and dismissed the petition.